[Civ. No. 9511.   Third Dist.   July 8, 1959.]

CALIFORNIA-WESTERN STATES LIFE INSURANCE COMPANY (a Corporation), Respondent, v. CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD et al., Appellants.

Edmund G. Brown and Stanley Mosk, Attorneys General, Irving H. Perluss, Assistant Attorney General, and Vincent P. Lafferty, Deputy Attorney General, for Appellants.

Downey, Brand, Seymour & Rohwer, Howard L. Jeske and George Basye for Respondent.

VAN DYKE, P. J.—This is an appeal by the Unemployment Insurance Appeals Board and the State Director of Employment from a judgment ordering that a peremptory writ of mandate issue requiring the appeals board to annul and reverse its decision Number 612.

On September 14, 1956, one Tommie Griffin, the claimant for benefits herein, placed himself under the care of a physician for a back injury which he had received about two years before. While under the care of his physician he reported to his union for work and was dispatched to an employer for whom he worked one and one-half days. He was laid off because he was not able to perform the work. He again got work and succeeded in working three and one-half days but again was forced to leave due to his disability. It was found and determined by the administrative agencies involved that his disability commenced September 14, 1956, and was continuous throughout the period with which we are here concerned. When that disability began, Griffin was covered by the State Disability Unemployment Compensation Fund (hereinafter called the Fund) and was entitled to appropriate compensation. The employer for whom he worked one and one-half days and the employer for whom he worked when his disability began were both covered by the Fund. The employer for whom he worked three and one-half days was covered by an approved voluntary plan issued by respondent, California-Western States Life Insurance Company. On October 24, 1956, Griffin filed his claim for disability compensation and the Fund began payments but referred the claim to respondent, requesting that it accept coverage. Respondent offered to accept coverage on a simultaneous coverage basis, benefits to be paid one-half by it and one-half by the Fund. The Fund thereupon sought determination of coverage under the Unemployment Insurance Code, with the result that it was determined that benefits were the sole obligation of respondent. Respondent sought mandate review with the result above stated and this appeal followed.

It is obvious that, Griffin's disability having begun while he was covered by the Fund, and that disability having caused the entire loss of wages upon which his claim is based, the Fund is responsible for the payment of benefits unless Griffin's work for the voluntary plan employer has resulted in a shifting of the liability either wholly or partly to respondent. Respondent contends the risk here involved was simultaneously covered by its policy and the Fund's statutory plan.

There is no statutory definition of simultaneous coverage in that part of the Unemployment Insurance Code devoted to disability benefits. The only reference to it is found in section 3253 of the code, reading as follows:

"Except as provided in this article, an employee covered by an approved voluntary plan shall not be entitled to benefits from the Disability Fund for a disability which commenced while he is covered by the voluntary plan. Authorized regulations shall be prescribed to allow benefits to individuals *simultaneously covered* by one or more approved voluntary plans and the Disability Fund." (Italics added.)

Where simultaneous coverage exists the burden of making compensations is by Regulation 3253-1 (22 Cal. Admin. Code, § 3253-1) divided equally among those covering the risk. The trial court took the view that coverage was simultaneous by the Fund and by respondent; that therefore the burden of making payments was to be equally divided between them.

Section 3253, *supra,* contains a statutory authorization for regulations governing the allowance of benefits to individuals simultaneously covered by more than one approved voluntary plan, or by the Fund and one or more such plan or plans. Regulation 3253-1 was adopted pursuant to that authorization, but the regulation does not define the term "simultaneous coverage." We think it needs no definition. The Legislature recognized that simultaneous coverage may exist in certain instances, as for example where one individual works for several employers during a day and they are covered by two or more insurers, including perhaps the Fund. Simultaneous coverage is a term well known and widely used in the field of insurance. Loss by unemployment through disability has been long the subject of insurance. California's statutory plan for compensating employees for such loss is based on insurance principles and is financed by contributions from all eligible employees whose contributions are pooled for common benefit. The statutes also provide that coverage may be furnished by approved voluntary plans. We think the Legislature saw no need for statutory definition of the term "simultaneous coverage." As used in the field of insurance it means a situation where two or more insurers are on the same risk. But upon what basis loss in such cases should be allocated was a proper subject for regulations, and regulations to that end were authorized. Regulation 3253-1, so far as here pertinent, provides as follows:

"Simultaneous coverage is deemed to exist when an individual is covered by and entitled to benefits from more than one plan (including one or more voluntary plans and the

Disability Fund). Benefits shall be paid from the Disability Fund to individuals who are simultaneously covered by one or more voluntary plans and the Disability Fund, if they are otherwise eligible, in an amount equal to the quotient obtained by dividing the daily sum of the basic and additional unemployment compensation disability benefits to which the individual would be entitled if no part of his base period wages had been exempt from contributions under section 3252 of the code and if he were covered only by the Disability Fund, by the number of plans (including voluntary plans and the Disability Fund) under which he is simultaneously entitled to benefits. . . .''

Appellants argue that the first sentence of Regulation 3253-1 defines and limits the application of the statutory term ''simultaneously covered.'' We think it is merely introductory, states the obvious, and regulates nothing. The regulation follows thereafter and in essence provides a simple and equal allocation of the burden of paying benefits among the simultaneous insurers, including the Disability Fund, on a numerical basis. In view of the vast number of claims for benefits to be processed, of the generally small amounts of money involved, and of the immense administrative difficulty of apportioning losses on any more complicated basis, the regulation is sound.

Appellants refuse to accept the foregoing interpretation of the statute and of the regulation and insist that the regulation both defines the statutory term ''simultaneously covered'' and limits the application of the term as so defined. Appellants say: ''That the claimant was 'covered' by the state fund is admitted in the decision of the appelant Board as follows: 'The facts clearly establish that the claimant was disabled from performing his regular and customary work beginning September 14, 1956, and that such disability continued through both periods of employment involved herein. Therefore, the claimant was covered for unemployment compensation disability benefits by both the Disability Fund and the voluntary plan policy.' '' Continuing, appellants say: ''But, mere 'coverage' by the disability fund and a voluntary plan is, pursuant to the regulation which interprets the statute, insufficient to establish 'simultaneous coverage.' For such to exist the individual must be 'covered by *and entitled to benefits from*' more than one plan.'' From this starting point appellants engage in a complicated rationalization which we

think it unnecessary to follow. As we read the regulation, the phrase "covered by and entitled to benefits from" means nothing more than would be meant by the phrase "covered by" or the phrase "entitled to benefits from" used singly. When an employee is covered by a plan he is also entitled to benefits arising thereunder.

We must accept here the specific finding of appellant Appeals Board that, for the period of disability here involved, the claimant was covered for unemployment compensation disability benefits by both the Fund and the voluntary plan. That being so there was simultaneous coverable liability and the liability for payment of disability benefits must be apportioned equally between the Fund and respondent herein.

The judgment appealed from is affirmed.

Schottky, J., concurred.